Citation Nr: 1452670 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 12-04 759 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death. 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

T. Susco, Associate Counsel



INTRODUCTION

The Veteran served on active duty from July 1968 to July 1971, to include service in the Republic of Vietnam from March 1969 to March 1970. The Veteran died in June 1998, and the appellant is the Veteran's surviving spouse. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota, which denied the request to reopen the appellant's previously denied claim of service connection for the cause of the Veteran's death. In April 2014, the Board granted the appellant's request to reopen the claim of service connection for the cause of the Veteran's death, and remanded the appellant's claim for further development. 

In evaluating this case, the Board has not only reviewed the physical claims file, but has also reviewed the file on the "Veterans Benefits Management System" and on the "Virtual VA" system to ensure a complete assessment of the evidence.
 
The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). 


REMAND

Another remand is required in this case to ensure that there is a complete record upon which to decide the appellant's claim of service connection for the cause of the Veteran's death. VA has a duty to make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claim for the benefits sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claim. 38 U.S.C.A. § 5103A(a) (West 2002); 38 C.F.R. 
§ 3.159(c), (d) (2013).

In April 2014, the Board determined that new and material evidence had been received regarding the appellant's claim of service connection for the cause of the Veteran's death, and remanded the claim of service connection for additional development. In the February 2012 Substantive Appeal, the appellant referenced a January 2011 statement from Dr. P. S., which is not of record. In the April 2014 Remand, the Board instructed the Appeals Management Center (AMC) to contact the appellant and request that she submit the January 2011 statement from Dr. P. S. to be considered in her appeal. 

In May 2014, the AMC sent correspondence to the appellant requesting that she submit the January 2011 statement from Dr. Paul Sanders in accordance with the April 2014 Remand. This correspondence was sent to the appellant's address in Princeton, Minnesota, the last known address as identified by the appellant in the February 2012 Substantive Appeal. While the record does not contain the May 2014 correspondence returned as undeliverable, the record does contain two pieces of correspondence from the Board addressed to the same address in Princeton, Minnesota, that were returned as undeliverable; one piece of correspondence pre-dates the May 2014 letter and one post-dates the May 2014 letter. The June 2014 Supplemental Statement of the Case was sent to the appellant by the AMC at an address in Stanchfield, Minnesota, but there is no indication that the May 2014 letter was re-sent to the appellant at this address. The Board also notes that the address in Stanchfield, Minnesota, appears to be the Veteran's last known address and there is no indication in the record that this is the appellant's current address. Further, the Board notes that the record does not contain any correspondence from the appellant subsequent to the February 2012 Substantive Appeal, nor any correspondence from the appellant's representative that provides a current address for the appellant. 

In addition to the above, in the April 2014 Remand, the Board requested a medical opinion from a VA examiner regarding the cause of the Veteran's death. Specifically, the VA examiner was asked to opine as to whether one or a combination of the Veteran's service-connected disabilities was the principal or contributory cause of the Veteran's death. Additionally, the VA examiner was asked to opine as to whether the principal or contributory cause of the Veteran's death was the result of, or related to, the Veteran's military service. A VA medical opinion was obtained regarding the appellant's claim in May 2014; however, as discussed below, the Board finds this VA medical opinion to be inadequate, and a new VA medical opinion is needed. 

In the May 2014 VA medical opinion, the VA examiner noted that the Veteran died of respiratory failure secondary to adenocarcinoma of the esophagus arising from a Barrett's esophagus with recurrent esophageal strictures. The VA examiner further noted the Veteran's history of hypertension, past alcohol and drug abuse, cigarette smoking, PTSD, duodenal ulcer, and gastroesophageal reflux disease (GERD). The VA examiner concluded that "it is less likely than not that the Veteran's claimed cancer of the esophagus was caused by, nexus to or aggravated by his exposure to Agent Orange and/or PTSD."

First, it is unclear from the VA opinion whether the VA examiner considered the Veteran's correct cancer pathology in rendering an assessment as to etiology and associated risk factors. As part of the rationale for the opinion, the VA examiner notes that current medical research literature indicates that increased rates of oropharyngeal and head and neck squamous cell carcinomas are the likely result of increased exposure to human papillomavirus (HPV). The VA examiner also noted that the use of tobacco products was a major etiological risk factor for squamous cell carcinoma of the head and neck, as the nicotine "directly affects the oral mucosa and increases risk for squamous cancer." Additionally, the VA examiner opined that "it is as least as likely as not that the Veteran's history of smoking and alcohol abuse was nexus to his oral cancer." As noted above, however, the Veteran was diagnosed with adenocarcinoma of the distal esophagus, as opposed to a squamous cell carcinoma of the head, neck, mouth, or pharynx. 

Second, it is unclear from the VA opinion whether the VA examiner properly assessed the Veteran's risk factors, to specifically include any exposure to HPV. As mentioned above, the VA examiner referenced medical research literature that identified HPV exposure as a significant risk factor for the development of oropharyngeal cancers as well as squamous cell carcinomas of the head and neck. The VA examiner then opined that "it was as least as likely as not that the Veteran's claimed esophageal cancer was nexus to HPV and/or smoking." The VA examiner did not identify specific evidence of any HPV exposure or infection in the Veteran. 

Third, it is unclear from the VA opinion whether the VA examiner fully considered the Veteran's service-connected disabilities as the principal or a contributory cause of the Veteran's death. The Board notes that the Veteran was service-connected for posttraumatic stress disorder (PTSD) at the time of his death. While the VA examiner opined that "it is less likely than not that the Veteran's claimed cancer of the esophagus was caused by, nexus to or aggravated by his exposure to Agent Orange and/or PTSD," the rationale provided conflates the Veteran's service-connected PTSD and his conceded exposure to Agent Orange. Specifically, after listing diseases that had been added to the list of disabilities that the VA has presumed a link to Agent Orange exposure, the VA examiner then indicates that "[t]o the contrary, there were no mentions of PTSD relating to carcinomas of the esophagus." Further, in the April 2014 Remand, the VA examiner was instructed to consider that VA treatment records showed a relationship between the Veteran's presentation of esophageal stricture and dysphagia and the service-connected PTSD. Despite an opinion that the Veteran's esophageal cancer was as least as likely as not related to Barrett's esophagus, GERD, and history of alcoholism, the VA examiner did not discuss the relationship between these contributory factors and the Veteran's service-connected PTSD. 

A Board remand confers upon an appellant the right to compliance with that order. Stegall v. West, 11 Vet. App. 268, 271 (1998); D'Aries v. Peake, 22 Vet. App. 97, 105 (2008) (holding that there must be substantial compliance with the terms of a Court or Board remand). Additionally, when VA undertakes to obtain a medical opinion, it must ensure that the medical opinion is adequate. Barr v. Nicholson, 
21 Vet. App. 303 (2007). Given the foregoing, the Board finds that the May 2014 VA medical opinion does not substantially comply with the April 2014 Board remand order. Therefore, a new medical opinion is required.

Accordingly, the case is REMANDED for the following actions:

1. Confirm the current address for the appellant and resend all correspondence subsequent to receipt of the February 2012 Substantive Appeal, including the May 2014 correspondence requesting that the appellant submit the January 2011 statement from Dr. Paul Sanders. All efforts to confirm the appellant's address should be memorialized in the claims file. 

2. After completing the above, obtain a medical opinion from a VA physician with experience in oncology. The entire record must be made available to the VA examiner for review.

The VA examiner should then offer the following opinions:

a. Is it as least as likely as not (a 50 percent probability or greater) that one or a combination of the Veteran's service-connected disabilities, to include PTSD, was the principal or a contributory cause of the Veteran's death? 

Consideration should be given to the post-service VA treatment records that show a relationship between the Veteran's presentation of esophageal stricture and dysphagia and his service-connected PTSD. 

For the purposes of this opinion, the VA examiner should assume the Veteran had a history of hypertension, Barrett's esophagus, GERD, PTSD, duodenal ulcer, tobacco use, and alcohol abuse. 

b. Is it as least as likely as not (a 50 percent probability or greater) that a principal or contributory cause of the Veteran's death (failure to thrive due to, or as a consequence of, adenocarcinoma of the esophagus and/or carcinomatosis) was the result of, or related to, any disease, event, or injury that occurred during his military service?

Consideration should be given to the appellant's theory that the Veteran's cancer was related to his confirmed exposure to Agent Orange. Consideration should also be given to the July 1992 VA examination report in which the Veteran's history of a duodenal ulcer in 1970 was noted. 

The VA examiner is advised that regulations define a disability as a "principal cause of death" when such disability, singly or jointly with some other condition, was the immediate or underlying cause of death or be etiologically related thereto. 

Similarly, regulations define a disability as a "contributory cause of death" as inherently one not related to the principal cause and in determining whether the disability contributed to death, it must be shown that it contributed substantially or materially; that it combined to cause death; that it aided or lent assistance to the production of death. It is not sufficient to show that it casually shared in producing death, but rather it must be shown that there was a causal connection. 

The term "at least as likely as not" does not mean merely within the realm of medical possibility, but rather that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of causation as it is to find against it.

A complete rationale should be given for all opinions and conclusions rendered. The opinions should address the particulars of this Veteran's medical history and the relevant medical science as applicable to this claim.

3. When the development requested has been completed and compliance with the requested actions has been ensured, the claim should again be reviewed on the basis of the additional evidence. If the benefit sought is not granted, furnish a Supplemental Statement of the Case to the appellant and her representative and afford her a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
K. J. Alibrando 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).